UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY FREDDY MEJIAS CARBALLO,

Petitioner,

v. Case No. 3:26-cv-2284-MMH-PDB

SECRETARY MARKWAYNE MULLIN, et al.,

Respondents.

---

**ORDER**

Through counsel, Petitioner Larry Freddy Mejias Carballo, an immigration detainee, filed a Petition for Writ of Habeas Corpus and Complaint for Administrative Procedure Act, Declaratory, and Injunctive Relief (Doc. 1; Petition) on September 1, 2026. See generally Petition. On July 1, 2012, Mejias Carballo, a citizen of Venezuela, was admitted into the United States with a temporary visa. Id. at 2; Record of Deportable/Inadmissible Alien (Doc. 5-1; Record) at 3. After his visa expired on November 13, 2016, he remained in the country. Record at 3. At some point thereafter, he filed an asylum application, which is still pending. Petition at 16. United States Immigration and Customs Enforcement (ICE) detained Mejias Carballo on

August 30, 2026.[1] Id. at 17. Mejias Carballo challenges his immigration detention without an individualized bond hearing and requests the Court direct Respondents to release him or, alternatively, provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). See id. at 19, 37.

The Federal Respondents filed Federal Respondents' Opposition to Petition for Writ of Habeas Corpus (Doc. 5; Response) conceding that Mejias Carballo is entitled to a bond hearing. See Response at 1. Their concession appears to be based on Hernandez Alvarez v. Warden, Federal Detention Center Miami in which the Eleventh Circuit concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." 175 F.4th 1258, 1276 (11th Cir. 2026).

When Mejias Carballo was detained in August 2026, he was not seeking entry at the border; therefore, as the Federal Respondents concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of

[1] When Mejias Carballo filed the Petition, he was detained at the Hamilton County Jail in Jasper, Florida. See Petition at 2. However, ICE's online records reflect that he has since been transferred to a facility in California. See Online Detainee Locator System, U.S. Immigration and Customs Enforcement, available at https://locator.ice.gov/odls/#/search (last visited Oct. 6, 2026).

immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1. Mejias Carballo's Petition for Writ of Habeas Corpus and Complaint for Administrative Procedure Act, Declaratory, and Injunctive Relief (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of this Order, Respondents shall either afford Mejias Carballo an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If the Federal Respondents release Mejias Carballo, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

---

[2] Because the Court finds that Mejias Carballo is entitled to relief on this basis, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of October, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
c:
Counsel of Record